MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@hpl.law
ELODIE BARDON (SBN: 352856)
E-Mail: Elodie@hpl.law
**HANKIN PATENT LAW,**
A Professional Corporation
11414 Thurston Cir
Los Angeles, CA 90049
Tel: (310) 979-3600

Attorneys for PLAINTIFF,
**MMAS RESEARCH LLC**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMAS RESEARCH LLC, a Washington limited liability company,<br><br>Plaintiff<br><br>v.<br><br>Charité – Universitätsmedizin Berlin; Centro Nacional de Investigaciones Cardiovasculares; Brigham and Women's Hospital; Harvard Medical School; The Mount Sinai Hospital; DOES 1 through 10, inclusive,<br><br>Defendants. | CASE No. 2:25-cv-6299<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Breach of Contract (Morisky Widget Licenses)<br>2. Misappropriation of Trade Secrets under the Defend Trade Secrets Act (DTSA) and State Law<br>3. 17 U.S.C. § 501 – Infringement of Copyright<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff, MMAS RESEARCH LLC (hereinafter "MMAS Research" or "Plaintiff"), by and through its undersigned attorneys, complains and alleges as follows:

### JURISDICTION AND VENUE

1.     This action arises, in part, under 17 U.S.C. §501, Infringement of Copyright, including all sections created or amended by the Digital Millennium Copyright Act, 17 U.S.C. §101, *et seq.*, conferring federal question jurisdiction. Additionally, this Court has original jurisdiction over this controversy for misappropriation of trade secrets pursuant to 18 U.S.C. §1836(c), and diversity jurisdiction pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000.00 and there is diversity of citizenship between the Parties.

2.     Venue is proper in  this District pursuant to 28 U.S.C. §1391(b)(2) because (a) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; (b) the unlawful acts of Defendants complained of herein have been committed within this District and have, had, or will have had effect in this District; (c) the written agreements identified and described more thoroughly below were entered into by the Parties in this District; and (d) the written agreements identified and described more thoroughly below, by their terms, stipulated to jurisdiction and venue in this District.

3.     Venue is also proper in this District pursuant to 28 U.S.C. §1391(c)(3) because one or more defendants are amenable to personal jurisdiction in this District.

4.     Diversity jurisdiction allows this Federal Court to exercise jurisdiction without there being a federal question where the parties are citizens of different states and the amount in controversy exceeds $75,000.  Here, there is diversity among Plaintiff MMAS RESEARCH LLC, a Washington limited liability company, and the Defendants.

### THE PARTIES

5.     Plaintiff, MMAS RESEARCH LLC ("MMAS RESEARCH"), is a Washington limited liability company in good standing.

**COMPLAINT FOR DAMAGES**

6.     Upon information and belief, Defendant Charité (Charite) is a university hospital located at Charitéplatz 1, 10117 Berlin, Germany, which entered into license agreements with Plaintiff. The license agreements which are the subject of this action provide for jurisdiction in Los Angeles County for any dispute arising from the agreement between the parties.

7.     Upon information and belief, Defendant Centro Nacional de Investigaciones Cardiovasculares (CNIC) is a leading international research center located at C. de Melchor Fernández Almagro, 3, Fuencarral-El Pardo, 28029 Madrid, Spain. CNIC entered into a license agreement with Plaintiff. The license agreement, which is the subject of this action provides for jurisdiction in Los Angeles County for any dispute arising from the agreement between the parties.

8.     Upon information and belief, Defendant Brigham and Women's Hospital (BWH) is a teaching hospital of Harvard Medical School located at 75 Francis St, Boston, Massachusetts 02115.

9.     Upon information and belief, Defendant Harvard Medical School (HMS) is the medical school of Harvard University and is located at 25 Shattuck Street, Boston, Massachusetts 02115.

10.     Upon information and belief, Defendant The Mount Sinai Hospital (MSH) is a hospital located at 1 Gustave L. Levy Place, New York, New York 10029.

11.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive (the "Doe Defendants," and collectively with the above-named defendants, the "Defendants"), are other parties not yet identified who have breached contracts, misappropriated trade secrets, and infringed on registered copyrights that are the subject of this lawsuit.

12.     The true names, whether corporate, individual, or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues defendants by such fictitious names, and will seek leave to further amend this complaint to show their true names and capacities when their identities have been determined.

**COMPLAINT FOR DAMAGES**

13.     Plaintiff is informed, believes, and thereupon alleges that Doe Defendants were, and are, in some manner responsible for the actions, acts, and omissions alleged, and for the damage caused by Defendants and are, therefore, liable for the damage caused to Plaintiff.

14.     Plaintiff is informed, believes, and thereon alleges that Defendants did, at all material times, foresee the nature and extent of the probable consequences of their acts in proximately causing said damage to Plaintiff.

15.     Plaintiff is informed, believes, and thereon alleges that, at all relevant times, Defendants controlled, and participated in the acts or conducted alleged herein.

## FACTS RELEVANT TO ALL ALLEGATIONS

### I.    THE MORISKY WIDGET:

### BACKGROUND ON OWNERSHIP AND LICENSING

16.     Plaintiff is the owner of the "MMAS RESEARCH WIDGET CODE" (the "Morisky Widget"), registered under United States Copyright Registration No. TX 8-816-517 (Registration date December 3, 2019) (the "Morisky Widget Copyright").

17.     The Morisky Widget are diagnostic assessments to measure and identify medication non-adherence behaviors, as further described below, and which includes the "Morisky Medication Adherence Scale (8-item)" ("MMAS-8") and "Morisky Medication Adherence Scale (4-item)" ("MMAS-4") tests, as part of its federal copyright registration.

**Ninth Circuit Confirmation of MMAS Ownership of Morisky Widget**

18.     A pertinent directive has issued from an appeal from the US District Court for the Central District of California, Case No. 2:21-cv-1406, in which MMAS asserted claims of copyright infringement, breach of contract, and tortious interference against, *inter alia,* Defendant Charite. On March 13, 2024, a Memorandum from the appeal (Case No. 23-55202, 03/13/2024) from the United States Court of Appeals for the Ninth Circuit wrote: "The district court erred in concluding that MMAS lacked standing to sue for copyright infringement."  The District Court had found that a 2020 preliminary

settlement agreement from a separate lawsuit between MMAS and Dr. Donald Morisky transferred the Morisky Widget from MMAS to Dr. Morisky. The Ninth Circuit confirmed that the agreement simply outlined terms MMAS and Dr. Morisky desired to consent and agree to "sometime in the future and was never finalized…" MMAS thus never transferred its copyright and remains the registered owner of the Morisky Widget." *Id.*

## II.    STATEMENT OF BACKGROUND FACTS

19.    On or about June 25, 2017, Plaintiff MMAS and Defendant Charite entered into the perpetual Morisky Widget license.

20.    Shortly thereafter, representatives of MMAS traveled to Berlin to train the personnel of Defendant Charite who were going to use the Morisky Widget.

21.    On or about November 6, 2020, Plaintiff MMAS and Defendant CNIC entered into a perpetual European retroactive and corrective MMAS Widget and GMRF Software License which includes 6500 retroactive MMAS-8 tests for the SECURE study.

22.    On information and belief, shortly thereafter, representatives of MMAS trained and certified the personnel of Defendant CNIC who were going to use the Morisky Widget to retroactively score and code the SECURE Study MMAS-8 tests.

23.    On information and belief, in September 2022, Defendants CNIC, Charite, BWH and MSH among others published an article entitled *Polypill Strategy in Secondary Cardiovascular Prevention* in the New England Journal of Medicine (NEJM). https://www.nejm.org/doi/full/10.1056/NEJMoa2208275

24.    On information and belief, the NEJM is one of the world's most prestigious peer-reviewed medical and scientific journals.

25.    On information and belief, Defendant Charite and CNIC breached their Morisky Widget licenses by failing to acknowledge their Morisky Widget license in the NEJM article.

26.    On information and belief, in the NEJM article, Defendants Charite and

COMPLAINT FOR DAMAGES

CNIC breached their Morisky Widget License by divulging MMAS-8 Coding and Scoring criteria without the consent of Plaintiff.

27. On information and belief, in the NEJM article, Defendants Charite, CNIC, MSH and BWH misappropriated TRADE SECRET MMAS-8 Coding and Scoring criteria without the consent of Plaintiff.

28. On information and belief, Defendants Charite, CNIC, MSH and BWH published the Secure Study Protocol to give readers additional information about the use of the MMAS-8 in the SECURE Study. See Castellano JM, Pocock SJ, Bhatt DL, et al. Polypill strategy in secondary cardiovascular prevention. N Engl J Med 2022;387:967-77. DOI: 10.1056/NEJMoa2208275 and Exhibit 6.

29. On information and belief, MSH employee Dr Valentín Fuster was the lead author of the NEJM article and the Secure Study Protocol.

**Annex 8: The Morisky-Medication Adherence Scale (8 item) Questionnaire**

| MMAS – 8 | Points |
|---|---|
| Do you sometimes forget to take your pills? | 1 |
| People sometimes miss taking their medications for reasons other than forgetting. Thinking over the past two weeks, were there any days when you did not take your medicine? | 1 |
| Have you ever cut back or stopped taking your medication without telling your doctor, because you felt worse when you took it? | 1 |
| When you travel or leave home, do you sometimes forget to bring along your medications? | 1 |
| Did you take your high blood pressure medicine yesterday? | 1 |
| When you feel like your symptoms are under control, do you sometimes stop taking your medicine? | 1 |
| Taking medication every day is a real inconvenience for some people. Do you ever feel hassled about sticking to your treatment plan? | 1 |
| How often do you have difficulty remembering to take all you medicine?*<br>___A. Never/rarely<br>___B. Once in a while<br>___C. Sometimes<br>___D. Usually<br>___E. All the time | 1 |

| Adherence | Score |
|---|---|
| High adherence | 0 |
| Medium adherence | 1-2 |
| Low adherence | 3-8 |

*Each response carries a score: yes=0 and no=1, except for the last question: never=1, almost never, sometimes, often, always=0.*

30. On information and belief, Defendants misappropriated trade secret MMAS-8 scoring and coding algorithm in the Secure Study Protocol.

31. On information and belief, the MMAS-8 scoring and coding criteria published by Defendants in the SECURE Study Protocol were incorrect. This error not only invalidated the patients' MMAS-8 results, potentially compromising the integrity

of the entire study, but also risked misdiagnosing the medication adherence of seriously ill patients. Such misdiagnosis could lead to improper medical treatment, putting patients at risk of adverse medical events or even death.

32.    On information and belief, Defendants incorrect scoring, coding and publishing the results of 3,866 MMAS-8 tests in the NEJM was willful infringement of the Morisky Widget copyright, because Defendant CNIC failed to rescore and record the SECURE study MMAS-8 tests in the Morisky Widget per the terms of their retroactive Morisky Widget license.

33.    On information and belief, Defendant CNIC has continued to breach its perpetual Morisky Widget license and infringe on the Morisky Widget copyright. Defendant CNIC began the Genami study in November 2022 that was completed sometime in late 2024.

34.    On information and belief, Defendant CNIC was well aware that their perpetual license required that the MMAS Widget can only be used by Licensee officer, employees, agents, representatives, and consultants who have been trained and certified by the Licensor (or his designee) on the MMAS Research Widget Software. Héctor Bueno, the party responsible for the Genami study was never trained and certified on the Morisky Widget.

35.    On information and belief, Defendant CNIC breached their license because they did not score and code the MMAS-8 tests administered in the Genami study in the Morisky Widget.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**
**Breach Of Contract**
**(As To Defendants Charite and CNIC)**

36.    MMAS Research realleges each allegation contained in the preceding paragraphs.

37.    This claim for relief for breach of contract is established by the prima facie elements of (1) existence of a valid contractual obligation, (2) performance by the

plaintiff, (3) breach by the defendant, and (4) resulting damages to plaintiff.

38. A valid contractual obligation was established by the execution of perpetual Morisky Widget license agreements between Defendants Charite and CNIC and Plaintiff MMAS Research LLC which permitted use of the MMAS-8 assessments under specific conditions. These agreements constitute binding contracts under applicable law.

39. In breach of their Morisky Widget licenses, Defendants Charite and CNIC scored and coded 3,886 MMAS tests outside the Morisky Widget for the Secure study.

40. In breach of their Morisky Widget licenses, Defendants Charite and CNIC publicized and divulged trade secret MMAS-8 Coding and Scoring criteria for the Secure study without the expressed, written consent from MMAS Research.

41. In breach of their Morisky Widget license, Defendant CNIC transferred their Morisky Widget license to Defendants MSH and BWH without written permission from MMAS Research LLC.

42. In direct contravention of their Morisky Widget license, Defendants CNIC and Charite willfully published the incorrect scoring and coding of 3,886 MMAS-8 tests in a September 2022 New England Journal of Medicine article entitled "Polypill Strategy in Secondary Cardiovascular Prevention," without obtaining the contractually required prior written consent from MMAS Research LLC. This unauthorized publication not only breaches the license agreement but also compromises the proprietary methodology of MMAS Research LLC.

43. In direct contravention of their Morisky Widget license, Defendants CNIC and Charite knowingly and improperly transferred Morisky Widget trade secret scoring and coding criteria to dozens of SECURE study investigators who were untrained and uncertified to use the MMAS-8 tests.

44. This unauthorized transfer of confidential trade secrets not only violates the license agreement but also potentially constitutes misappropriation of trade secrets under applicable law.

COMPLAINT FOR DAMAGES

## SECOND CLAIM FOR RELIEF
### Trade Secret Misappropriation, DTSA
### (As To Defendants CNIC, Charite, MSH, and BWH)

45. MMAS Research realleges each allegation contained in the preceding paragraphs.

46. Plaintiff MMAS Research possesses and vigorously asserts trade secret rights in MMAS-8 proprietary scoring and coding algorithms. These trade secrets are highly valuable intellectual property assets, representing years of research and development. They are not generally known to others in the industry and provide MMAS Research with a significant competitive advantage. MMAS Research has consistently implemented robust measures to maintain the secrecy of this information, including but not limited to strict confidentiality agreements, limited access protocols, and secure storage systems.

47. Under the Defend Trade Secrets Act 18 U.S.C. §1839(3), a trade secret consists of three elements: (1) information; (2) that is valuable because it is unknown to others; and (3) that the owner has attempted to keep it a secret.

48. The trade secrets include, but are not limited to, the specific scoring and coding algorithms for MMAS-8 tests.

49. CNIC, Charite, MSH, and BWH misappropriated copyrighted MMAAS-8 scoring and coding algorithms that were used to score, code and report the results of 3,866 MMAS-8 tests in the NEJM September 2022 article.

50. Defendants, MSH, Harvard Medical School, CNIC and Charite, actions constituted misappropriation and unauthorized use and disclosure of MMAS Research's confidential, proprietary, and trade secret information, which they were contractually obligated to protect.

51. As a direct and proximate result of Defendants conduct, MMAS Research has suffered and will continue to suffer severe competitive harm, irreparable injury, and significant damage, including but not limited to loss of competitive advantage and diminution in the value of the Morisky Widget MMAS-8 software.

52.    MMAS Research seeks damages in an amount to be proven at trial, as well as temporary, preliminary, and permanent injunctive relief to recover and protect their confidential, proprietary, and trade secret information and to protect other legitimate business interests.

53.    Plaintiff MMAS Research is entitled to an award of damages and attorney's fees and costs incurred as a result of CNIC, Charite, MSH, and BWH misappropriation of trade secrets.

### THIRD CLAIM FOR RELIEF
**Willful Infringement of Copyright (17 U.S.C. §501, *et seq*.)**
**(As To Defendants CNIC, Charite, MSH, and BWH)**

54.    Plaintiff realleges each allegation contained in the preceding paragraphs and incorporates them with this reference as though fully set forth herein.

55.    At all times relevant hereto, Plaintiff MMAS Research was the owner of all copyright or rights to assert copyright claims for the Morisky Widget and all derivative works. Plaintiff MMAS Research has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, and all other laws governing copyright.

56.    Plaintiff MMAS Research is informed and believes and thereon alleges that Defendants, without authorization, have infringed and will continue to infringe the Morisky Widget Copyright by using, copying, counterfeiting, distributing, or otherwise exploiting the same outside of the confines of the Agreement or any other valid agreement.

57.    By reason of the copyright infringements described below, Plaintiff is entitled to recover from Defendants statutory damages up to $150,000.00 per copyright infringed for Defendants' willful copyright infringement, plus attorneys' fees.

58.    Plaintiff alleges Defendants CNIC, Charite, MSH, and BWH violated 17 U.S.C. §501, *et seq.*

59.    Defendants CNIC, Charite, MSH, and BWH have willfully committed no less than 3886 copyright infringements of the MMAS Research Widget Code MMAS-8 in the SECURE study NEJM article.

**COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court Enters Judgment in Plaintiff's favor and against Defendants as follows:

1. For actual damages in an amount according to proof at trial, but not less than $10,000,000, for economic harm suffered by Plaintiff MMAS Research due to the Defendants' actions, and for any additional profits attributable to infringements of Plaintiff MMAS Research's copyright in the Morisky Widget, in accordance with proof at Trial;

2. For statutory damages for copyright infringement and/or willful copyright infringement by Defendants, in the amount of $150,000.00 per copyright infringed, as provided under 17 U.S.C. § 504(c);

3. For issuance of preliminary and permanent injunctive relief against Defendants, and each of them, and their respective officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, enjoining and restraining them from: using the MMAS-8 tests;

4. Order that Defendants file with this Court and serve upon Plaintiff within thirty (30) days after service on Defendants of an injunction in this action, a report by Defendants, under oath, setting forth that Defendants have complied with the injunction, as well as the steps they have taken to comply;

5. For costs of suit incurred;

6. For prejudgment interest in the amount of ten percent (10%) per annum or the maximum amount allowed by law;

7. For statutory damages for the willful violation of the DMCA, in an amount to be determined at Trial;

8. For MMAS Research's costs and attorneys' fees incurred herein;

**COMPLAINT FOR DAMAGES**

9.  For such other and further relief as the Court deems just and proper.

Dated: July 10, 2025

Respectfully submitted,

**HANKIN PATENT LAW, APC**
*/Marc E. Hankin/*
Marc E. Hankin, Esq.
Attorneys for Plaintiff,
**MMAS RESEARCH LLC**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated: July 10, 2025

Respectfully submitted,

**HANKIN PATENT LAW, APC**
*/Marc E. Hankin/*
Marc E. Hankin, Esq.
Attorneys for Plaintiff,
**MMAS RESEARCH LLC**

**COMPLAINT FOR DAMAGES**